**Ramirez v. PP&L**

C.P. of Lehigh County, no. 98-C-1662.

*Richard J. Orloski,* for plaintiffs.
*Steven E. Hoffman,* for defendant PP&L.

BLACK, *J.,* February 4, 1999—Plaintiffs acknowledge that they have no expert medical testimony to present, but claim that the existence of a causal relationship between the injury complained of and the alleged negligent act is so obvious that expert testimony is not needed. See *Lattanze v. Silverstrini,* 302 Pa. Super. 217, 223, 448 A.2d 605, 608 (1982). Plaintiff Alwin T. Ramirez has alleged tiredness and dizziness as a result of being struck in the head by a heavy metal filing cabinet, and also that this condition was exacerbated when defendant PP&L coerced him to come to work the following day against his doctor's advice.

We believe it sufficiently obvious, without expert medical testimony, that a blow to one's head from a heavy metal filing cabinet can cause tiredness and diz-

ziness. Therefore, to this extent, we deny the motion for summary judgment.

However, to the extent plaintiffs' claim that the injury was exacerbated by later events, this is not something that a layperson can properly evaluate. It is not obvious that plaintiff Alwin T. Ramirez suffered additional tiredness or dizziness as a result of working several hours the day following his injury. Although he claims to have felt "terrible" while working that day, he might have felt just as poorly if he had remained at home. Therefore, the motion for summary judgment is granted with respect to plaintiffs' claim that the injury was exacerbated by defendant PP&L when it directed Mr. Ramirez to report to work.

## ORDER

Now, February 4, 1999, upon consideration of defendant PP&L's motion for summary judgment and plaintiffs' response thereto, for the reasons set forth in the accompanying memorandum opinion, it is ordered that said motion is granted in part and denied in part as follows:

(1) The motion is granted with respect to plaintiffs' claim that the physical injury alleged to plaintiff Alwin T. Ramirez was caused by negligence on the part of defendant PP&L in inducing said plaintiff to come to work against his doctor's advice, and the averments with respect to this claim are stricken from the complaint.

(2) The motion is denied with respect to plaintiffs' claim that defendant PP&L failed to provide a safe work area.

It is further ordered that this case shall be submitted to compulsory arbitration pursuant to Leh.R.C.P. 1301 et seq.

It is further ordered that this case shall be stricken from the pretrial list for March 24, 1999, and the jury trial list for April 5, 1999.